FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

No. 2:24-CV-00411-SAB

In re:

AGNES NICZYPORUK,

  Debtor.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

  Before the Court is Debtor/Appellant Agnes Niczyporuk's Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pending Appeal, ECF No. 4. The motion was heard without oral argument. Ms. Niczyporuk is representing herself in this matter. Secured creditor U.S. Bank National Association as Trustee for LB-IGLOO SERIES IV TRUST, its successors and/or assigns ("USB") filed an opposition to the motion. USB is represented by Warren Lance.

  Debtor/Appellant is seeking to stop the foreclosure on their property located in Liberty Lake, Washington.

**Background Facts**

  USB holds a secured claim under a promissory note dated February 25, 2008, secured by a Deed of Trust recorded on March 5, 2008, which encumbers the property at 1315 N. Dunbarton Oaks Lane, Liberty Lake, Washington ("the

property"). The loan was modified under the terms of a Loan Modification Agreement executed on July 23, 2019.

Debtor/Appellant's original loan was from Countrywide Home Loans, Inc. In the intervening years, the Deed of Trust has been assigned several times before being assigned to USB under an Assignment of Deed of Trust on September 23, 2022. Debtor/Appellant defaulted on the modified loan when they failed to make the August 2019 payment. To this date, Debtor/Appellant has not made a payment in any amount to USB or its predecessor.

Debtor/Appellant filed a Voluntary Petition Under Chapter 13 in 2023. On September 24, 2023, the bankruptcy court granted USB's Motion for Relief from Stay. The Stay Order allowed USB to proceed with foreclosure of the property.[1]

Nearly a year later, on September 13, 2024, Debtor/Appellant filed a Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60. The bankruptcy court denied the motion. It found that Debtor/Appellant had "merely re-packages her prior reconsideration arguments under a different procedural rule." It noted that the motion offered no new evidence or substantive allegations of fraud or misrepresentation. Instead, the bankruptcy court concluded that Debtor/Appellant simply asserted there had been several fabricated, forged, and fraudulent assignments of the mortgage and servicing record. It also noted that these

---

[1] Debtor/Appellant received a discharge on September 13, 2023. She moved for reconsideration of the Stay Order on September 22, 2023. The bankruptcy court denied the reconsideration motion. Debtor/Appellant appealed the Stay Order and Reconsideration Order. On appeal the Bankruptcy Appeal Panel affirmed the Court's Stay Order and Reconsideration Order. Debtor/Appellant did not appeal the Panel's decision. The Bankruptcy Appeals Panel also affirmed the bankruptcy's decision that no genuine issue of fact existed concerning U.S. Bank's ownership of the Note.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 2**

arguments were the same arguments that Debtor/Appellant had previously litigated. Thus, the bankruptcy court found that issue preclusion barred Debtor/Appellant's motion.

In this present action, Debtor/Appellant is appealing the bankruptcy court's denial of her Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60. Debtor/Appellant now moves the Court to restrain and enjoin the foreclosure sale of the property.

## Motion Standards

### A.  Temporary Restraining Order/Preliminary Injunction

The purpose of a temporary restraining order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In order to succeed in obtaining a preliminary injunction the party seeking it must demonstrate: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Likelihood of success on the merits is the most important *Winter* factor. *Garcia v. Google, Inc.*, 786 F.3d 733, 739 (9th Cir. 2015). If the party seeking the injunction fails to meet this "threshold inquiry," the court need not consider the other factors when there are no serious questions going to the merits. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

### B.  Bankruptcy Appeal Standard

A bankruptcy court's denial of a motion for relief from judgment under Fed.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 3**

R. Civ. P. 60(b) is reviewed for abuse of discretion. *In re Int'l Fibercom, Inc.*, 439 F.3d 558, 561 (9th Cir. 2006). A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

### C.  Rule 60 - Relief from Judgment

Rule 60(b), incorporated to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, permits a court to relieve a party from a final judgment or order for a number of reasons, including (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party, or (4) any other reason that justifies relief.

### Analysis

Here, Debtor/Appellant fails to meet the threshold inquiry because there are no serious questions going to the merits of this appeal. The question before the Court in this appeal is whether the bankruptcy court abused its discretion when it denied Debtor/Appellant's Relief From Judgment. Based on the record before the Court, there is not a substantial likelihood that Debtor/Appellant can succeed in showing that it did. Debtor/Appellant has not shown the bankruptcy court based its decision on an incorrect legal rule, or its application of the law was illogical, implausible, or without support in inferences that were drawn from the facts in the record. As such, Debtor/Appellant has not shown that a temporary restraining order or preliminary injunction is appropriate.

//
//
//
//
//
//

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 4**

Accordingly, **IT IS HEREBY ORDERED**:

1.    Debtor/Appellant Agnes Niczyporuk's Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pending Appeal, ECF No. 4, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 17th day of January 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 5**