
FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

In re:

AGNES NICZYPORUK,

    Debtor.

No. 2:24-CV-00411-SAB

**ORDER DISMISSING APPEAL**

    On December 5, 2024, Debtor/Appellant Agnes Niczyporuk filed a Notice of Appeal, appealing the bankruptcy court's order denying her motion for relief from judgment. Ms. Niczyporuk is representing herself in this matter. Ms. Niczporuk is seeking relief from the bankruptcy court's September 14, 2023 order that granted U.S.Bank Trust's Motion for Relief from Stay. The Stay Order allowed U.S. Bank to proceed with foreclosure of the Properly located at 1315 N. Dunbarton Oaks Lane, Liberty Lake, WA, which took place in December 2024.

    **Bankruptcy Court's Order Denying Motion for Relief from Judgment**

    In its Order denying Ms. Niczyporuk's Motion for Relief from Judgment, the bankruptcy court noted that Ms. Niczyporuk had previously moved for reconsideration of the Stay Order and the bankruptcy court denied the motion. In her Motion for Reconsideration, Ms. Niczyporuk challenged the evidence indicating U.S. Bank owned the promissory note that Ms. Niczyporuk and her

**ORDER DISMISSING APPEAL ~ 1**

husband signed when they purchased the Property. In denying the Motion for Reconsideration, the bankruptcy court rejected these arguments because Ms. Niczyporuk failed to allege an intervening change in controlling law; newly discovered evidence, or previously unavailable evidence that was discovered. Ms. Niczyporuk appealed both the stay and reconsideration orders, and the Bankruptcy Appellate Panel affirmed. The Bankruptcy Appellate Panel affirmed the bankruptcy court's decision that no genuine issue of fact existed concerning U.S. Bank's ownership of the note.

With respect to the motion for relief from judgment, the bankruptcy court found that Ms. Niczyporuk merely re-packaged her prior reconsideration arguments under a different procedural rule. She offered no new evidence or substantive allegations of fraud or misrepresentation. She simply asserted there "have been several fabricated, forged, and fraudulent assignments of mortgage and/or servicing recorded," which were the same arguments Ms. Niczyporuk had previously litigated.

The bankruptcy court noted Ms. Niczyporuk had not made payments on the note for many months and Ms. Niczyporuk was not the legal owner of the Property, although she has lived there since 2007.

The bankruptcy court concluded that issue preclusion bars Ms. Niczyporuk's motion for relief from judgment.

**Standard of Review**

A district court has jurisdiction to hear an appeal from a bankruptcy court. 28 U.S.C. § 158. "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. When examining an appeal, a district court uses the same standard of review that a circuit would use when reviewing a district court's decision. See *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). A bankruptcy court's order granting relief from

**ORDER DISMISSING APPEAL ~ 2**

judgment is reviewed for abuse of discretion. *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 939 (9th Cir. 2007).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## Analysis

The bankruptcy court did not abuse its discretion in denying Ms. Niczyporuk's motion for relief from judgment. The bankruptcy court properly found Debtor/Appellant's arguments before it were identical to those previously raised, considered and rejected by the courts, and therefore were barred by issue preclusion. Courts have consistently held that U.S. Bank Trust maintained possession of the original note and it was not required to present the original note to prove possession. Finally, it appears the issue of the relief from stay in the bankruptcy proceedings is moot, given the sale of the property in question. *See In re Royal Properties, Inc.*, 621 F.2d 984, 986 (9th Cir. 1980) ("Once the orders have been performed, an appeal attacking the order is moot). Even if the Court were to grant Ms. Niczyporuk's requested relief, it would be an advisory opinion upon a moot question.[1]

Accordingly, **IT IS HEREBY ORDERED**:

1. Debtor/Appellant's Appeal is **DISMISSED,** with prejudice.
2. Debtor/Appellant's Motion for Judicial Notice of Transcript Correction Appeal (Case No. 2:25-cv-00179-TOR), ECF No. 18, is **DENIED**, as moot.

//
//

---

[1] Ms. Niczyporuk's remaining arguments are frivolous or unsubstantiated.

**ORDER DISMISSING APPEAL ~ 3**

3. The Clerk of Court is directed to enter judgment in against Debtor/Appellant and in favor of Appellees.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to Plaintiff and counsel and **close** the file.

**DATED** this 6th day of June 2025.



_____
Stan Bastian
Chief United States District Judge

**ORDER DISMISSING APPEAL ~ 4**